

1  Andrew Schwartz (State Bar No. 100210)
   Frank Sommers (State Bar No. 109012)
2  SOMMERS & SCHWARTZ LLP
   550 California Street
3  The Sacramento Tower, Suite 700
   San Francisco, CA 94104
4  Telephone: (415) 955-0925
   Facsimile: (415) 955-0927
5
   Karen Carrera (State Bar No. 165675)
6  Maura Prendiville (State Bar No. 257514)
   LEGAL AID OF MARIN
7  30 N. San Pedro Road, Suite 220
   San Rafael, CA 94903
8  Telephone: (415) 492-0230
   Facsimile: (415) 492-0947
9
   Attorneys for Plaintiffs Jacquelyn Hall, Esther Williams,
10 Rachael Brown, Nicanora Contreras, and Ariana Martinez

E-filing

11

**IN THE UNITED STATES DISTRICT COURT**

12

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13

C 12    4922

14

| JACQUELYN HALL, ESTHER WILLIAMS, RACHAEL BROWN, NICANORA CONTRERAS, and ARIANA MARTINEZ, for themselves and all others similarly situated, | Case No.: |
|---|---|
| | CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.* |

15

16

Plaintiffs,

17

vs.

18

HOUSING AUTHORITY OF THE COUNTY OF MARIN, and DOES 1 through 100, INCLUSIVE,

19

20

Defendants.

**CLASS ACTION COMPLAINT**

21

**DEMAND FOR JURY TRIAL**

22

23

24      Plaintiffs Jacquelyn Hall, Esther Williams, Rachael Brown, Nicanora Contreras, and Ariana

25 Martinez allege the following as and for a complaint against Defendant Housing Authority of the

26 County of Marin (hereinafter "Marin Housing Authority" or "MHA"), on behalf of themselves and

27 all others similarly situated:

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

1

1

## JURISDICTION

2    1.    The Court has jurisdiction to grant the relief requested herein pursuant to the Civil

3 Rights Acts, 42 U.S.C. § 1983 *et seq.*, 28 U.S.C. § 1331 (Federal question), and §1343 (Civil rights)

4 based on violations of the United States Housing Act, 42 U.S.C. § 1437 *et seq.* This Court has

5 jurisdiction over claims under California's Unfair Competition Act, California Business and

6 Professions Code § 17200 *et seq.* pursuant to 28 U.S.C. § 1367 (Supplemental jurisdiction).

7    2.    Venue in this Court is proper because the acts complained of occurred in the

8 Northern District of California, where Plaintiffs live and Defendant Marin Housing Authority is

9 incorporated and operates.

10

## PARTIES

11 **Plaintiffs**

12    **Jacquelyn Hall**

13    3.    Plaintiff Jacquelyn Hall has been a tenant of MHA since approximately 2002. She

14 currently rents an apartment from MHA at 3 Cole Drive, Marin City, California. She is a party to a

15 lease with MHA for the property.

16    4.    Ms. Hall has been charged maintenance costs for repairs to her apartment that were

17 required due to the physical deterioration of the building, not as a result of any acts or omissions of

18 her or her guests.

19    5.    In 2012, Ms. Hall has been charged amounts purporting to be additional rent, which

20 were in fact penalties assessed improperly as a result of MHA's failure to admit that she had filed

21 the documents necessary for MHA to conduct annual rental reassessments. Although the charges

22 were imposed in 2012, MHA claimed that they were imposed as a result of Ms. Hall's alleged

23 failure to turn documents in for either 2010 or 2011. When Ms. Hall complained that such charges

24 were wrongly assessed and declined to pay them, MHA deleted the "rent" charges and then

25 reassessed the same approximately $508 amount as "document charges." MHA has also sent Ms.

26 Hall a 14-day notice for unpaid rent, which notice lists the $508 as rent. Ms. Hall had in fact filed

27 all the requested documents with MHA in a timely fashion, but the then-manager of the housing

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

2

1 | complex had failed to submit them to his management. It was only this $508 charge that caused
2 | Ms. Hall's account to be delinquent.

3 |      6.     MHA has applied amounts paid by Ms. Hall as monthly rent to charges for
4 | maintenance, late fees or other expenses assessed against Ms. Hall, and has then issued a 14-Day
5 | notice to Ms. Hall asserting improperly that she is delinquent in her rent payments, all due to
6 | MHA's payment application procedures as described below.

7 |      7.     Ms. Hall has been billed for "excess" utility charges, but such charges were not
8 | accurate. Ms. Hall has repeatedly requested correction of such improper charges, but MHA has
9 | failed and refused to correct such erroneous billings, and instead has applied payments made by Ms.
10 | Hall for rent to cover such utility bills. MHA then subsequently declared Ms. Hall to have been late
11 | in her payment of rent due to such improper deduction from her rental payments, and assessed Ms.
12 | Hall late charges for such "delinquencies."

13 |      8.     Ms. Hall requested a grievance hearing numerous times to permit her to contest the
14 | various payment application procedures or improper charges alleged above, but MHA has failed to
15 | afford Ms. Hall a hearing on her grievance requests, and instead threatened to commence an
16 | unlawful detainer action against her by issuing a 14-day notice and ignoring her grievance request.
17 | After approximately eight months of frequent complaints to MHA and requests for a hearing, Ms.
18 | Hall enlisted a local charity to assist her in paying over $2,000 to MHA, even though she believed
19 | most of the charges to be inaccurate, in order to prevent an unlawful detainer action from being
20 | filed against her.

21 |      9.     On or around January 2012, MHA served Ms. Hall with a notice of termination of
22 | tenancy and an unlawful detainer for alleged lease violations unrelated to payment issues. On this
23 | occasion, Ms. Hall requested and was granted a grievance hearing to contest the allegations in the
24 | notice. Ms. Hall prevailed at the hearing, but MHA insisted that she enter into a stipulated
25 | agreement in order to have the unlawful detainer dismissed. As part of the stipulation, Ms. Hall was
26 | required to pay MHA's legal fees. Ms. Hall protested because she did not believe she was obligated
27 | to pay legal fees for an action in which she had prevailed; however, MHA indicated they would

28 |

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

3

1  proceed with the eviction if she did not agree to the fees. Ms. Hall believes she paid approximately
2  $1,700 to MHA through this stipulation, much of which went to legal fees.

3      10.    In early 2012, Ms. Hall was assessed a $70 maintenance fee when a maintenance
4  worker got his key stuck in her front door lock and had to change the lock. This incident was not
5  caused by any negligence on the part of Ms. Hall's household. Ms. Hall complained to MHA about
6  the fee and declined to pay it.

7      11.    In June 2012, Ms. Hall's apartment flooded due to a defective toilet which was not
8  the result of negligence on the part of Ms. Hall's household. After losing thousands of dollars
9  worth of personal property, Ms. Hall was assessed an improper trash fee of $72 to remove her own
10  property damaged in the flood. Despite Ms. Hall's protests, MHA has applied her monthly rent
11  payments each month since June 2012 to these outstanding maintenance and trash bills, causing Ms.
12  Hall to appear to be behind in rent.

13      12.    On September 5, 2012, Ms. Hall received a letter from MHA indicating that her
14  account is "severely delinquent" which alleges a retroactive rent increase and asserts that she
15  submitted her recertification paperwork five weeks late. In fact, Ms. Hall had discussed the
16  recertification issue with an MHA representative in approximately May 2012, when she met with
17  them to turn in the check she had received from the charity. At that meeting, MHA management
18  indicated that Ms. Hall's account was current, and that the recertification paperwork had been
19  deemed timely. Following the September 5, 2012 letter, Ms. Hall feared she may receive another
20  14-day notice. She had repeatedly communicated with MHA for months to deal with the improper
21  maintenance fees and her alleged debt to MHA and the only MHA response was the "severely
22  delinquent" letter. Importantly, once MHA was given courtesy notice that this complaint would be
23  filed shortly, MHA contacted Ms. Hall and offered her a meeting time this week.

24      **Esther Williams**

25      13.    Esther Williams has been a tenant of MHA since approximately 2000. She currently
26  resides at 99 Cole Drive, Unit 14, in Marin City, California. She is a party to a lease with MHA.

27      14.    In 2011, Ms. Williams fell behind in her rent, and on August 7, 2011, received a 14-
28  day notice which stated that she was $1,588.48 in arrears. She called the attorney who sent the

---

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

4

1 notice – and who had asked that she deal with MHA through him – informing him that she had the
2 funds necessary to pay that amount, and that she wanted to settle immediately. The attorney
3 informed her that he would check with his client and get back to her. Instead, on August 14, 2011,
4 the attorney's law firm filed an Unlawful Detainer proceeding against Ms. Williams in Marin
5 County Superior Court. She again contacted the attorney and reiterated her desire to pay the
6 amount due. She also became a client of the Legal Aid of Marin ("LAM"), which contacted
7 counsel and reiterated the desire to settle. Both counsel agreed that, due to the pending settlement,
8 no answer needed to be filed in the Unlawful Detainer proceeding.

9     15.     Despite that agreement, however, counsel for MHA submitted a default judgment
10 request against Ms. Williams, and the Court entered the default judgment. MHA's counsel
11 subsequently agreed that such action was in error, and a stipulation to lift the default was filed.

12     16.     Despite repeated requests, however, MHA failed to provide an amount that it would
13 accept in order to settle the case. Finally, in December, Ms. Williams's counsel at LAM was
14 informed by a new counsel at the firm that she had taken over the file, and that, in order to settle,
15 Ms. Williams would have to pay $2,988.18 in rent and costs, and over $2,474.24 in attorneys' fees
16 and costs.

17     17.     Despite Ms. Williams's repeated requests for an explanation of the fees – and the
18 fact that the Marin County Superior Court had set fee guidelines for Unlawful Detainer proceedings
19 which should have generated attorney fees of no more than $450 – no explanation or alteration of
20 the fees demanded was provided. Ms. Williams ultimately was forced to enter into a stipulated
21 payment plan under which she first paid the entire amount claimed due for rent and costs, and also
22 agreed to pay the attorneys' fees and costs demanded by MHA's counsel. As a result of this
23 improper payment requirement, Ms. Williams is in danger of being evicted again, as MHA applies
24 payments intended for rent to cover the payments allegedly due under the stipulation.

25     **Rachael Brown**

26     18.     Rachael Brown has been a tenant of MHA since 2008. She currently resides at 409
27 Drake Avenue, Unit 21, in Marin City, California. She is a party to a lease with MHA.

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

5

1    19.    Ms. Brown's lease contains a provision which sets out the circumstances under

2  which she may be charged "excess utility" charges by MHA. Ms. Brown was not charged any

3  excess utility charges until 2009, at which point she received a bill from MHA for "excess utilities"

4  for more than $300. She immediately complained to MHA's manager about the charge and was

5  told that it was in error, and that the manager would correct it.

6    20.    However, the charge was never corrected. Instead, MHA proceeded to apply

7  amounts paid by Ms. Brown as rent to reduce the excess utility charge. As a result, Ms. Brown

8  started incurring late charges, since her rent payments were being diverted to cover utility charges.

9    21.    As a result of these practices, Ms. Brown was ultimately served a 14-day notice,

10  followed by an Unlawful Detainer proceeding commenced in Marin County Superior Court in

11  February 2012 – even though her request for a grievance was still open. Before the expiration of

12  the 14 day period, she tendered the amount of rent owed, but it was rejected because MHA

13  contended she owed more, due to its application procedures. She currently is facing trial and

14  eviction for what MHA contends are amounts due and owing for rent, when in fact what Ms. Brown

15  owes are unpaid utility charges which MHA has admitted are incorrect, and Ms. Brown did in fact

16  pay rent for many of the months alleged as unpaid in the notice, and provided proof of these

17  payments to MHA.

18    22.    On September 13, 2012, at a settlement conference on MHA's Unlawful Detainer

19  proceeding to evict Ms. Brown, MHA required her to sign a release she did not want to sign as a

20  condition of settlement. At that point, unwilling to lose her housing and be thrown out on the street,

21  Ms. Brown, like many others before her, agreed to a settlement she did not like because the

22  alternative was risking possible homelessness.

23    **Nicanora Contreras**

24    23.    Plaintiff Nicanora Contreras and her minor children have resided at 69 Cole Drive,

25  Unit 15, in Marin City, California, since approximately February 2008. She is a party to a lease

26  with MHA.

27    24.    On or around February 8, 2012, Ms. Contreras was served with a Summons and

28  Complaint for Unlawful Detainer, based on nonpayment of rent. Ms. Contreras had paid rent for

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

6

1  many of the months listed in the notice. Ms. Contreras promptly contacted Plaintiff's counsel to

2  discuss the possibility of negotiating a payment plan to allow her to become current on her rental

3  payments and maintain her tenancy. Plaintiff's counsel informed Ms. Contreras that she would

4  consult with her client and get back to her, leading Ms. Contreras to believe that a repayment

5  agreement would be possible and leading her not to file an answer. But Ms. Contreras did not hear

6  back from Plaintiff's counsel. Instead, Plaintiff's counsel entered a default judgment against Ms.

7  Contreras on June 29, 2012. Ms. Contreras appeared in court on June 29, 2012, but since she was

8  approximately an hour late, a default judgment had already been entered.

9      25.    Ms. Contreras writes "for rent" on her money orders, and receives receipts for each

10  tender. In addition, she was wrongfully charged a maintenance fee for repairs that were not due to

11  the negligence or the acts of any of her guests.

12      26.    Ms. Contreras has now lost a motion to set aside the default in Marin County

13  Superior Court and has been evicted. Her time in which to file a writ of mandate to challenge the

14  eviction decision has not yet run.

15  **Ariana Martinez**

16      27.    Plaintiff Ariana Martinez and her minor child have resided at 79 Cole Drive, Unit 6,

17  Marin City, since early 2011. She is a party to a lease with MHA.

18      28.    Ms. Martinez has challenged the accuracy of MHA's rental calculations and

19  commenced a grievance on the issue pursuant to MHA's rules on August 6, 2012, after repeated

20  complaints to MHA regarding her rent calculations. Thus far, MHA has ignored the grievance

21  entirely and Ms. Martinez's grievance request remains pending. In addition, she has asked

22  repeatedly for a repayment plan to allow her to become current on her rent, but MHA has not

23  offered her such a plan.

24      29.    In the interim, MHA is assessing Ms. Martinez late fees each month for alleged late

25  payment of charges other than rent, and for rental amounts that are in dispute and subject to a

26  grievance proceeding. MHA calculates the late fees by wrongfully including retroactive charges in

27  the amount MHA claims as rent.

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

7

1  30.  Ms. Martinez is afraid she will be issued a 14-day notice and an unlawful detainer

2  due to these issues.

3  **Class Claims Are Inherently Transitory and Are Capable of Repetition Yet Evading Review**

4  31.  The claims of the class of past and present tenants herein are inherently transitory in

5  nature. MHA's actions – (a) in evicting tenants who cannot obtain counsel or do not respond to

6  Unlawful Detainer actions, (b) in coercing subjects of wrongful Unlawful Detainer proceedings to

7  settle their cases and release their claims against MHA, rather than risk eviction from low-income

8  Public Housing, possibly forever, and (c) in ignoring claims asserted under MHA's grievance

9  procedure, but instead issuing 14-day notices and/or commencing Unlawful Detainer proceedings to

10  evict tenants before their grievance can be adjudicated – will routinely cause the individual tenant

11  claims to become moot. The class asserts claims against consistent and long-standing practices and

12  procedures of MHA, which impact every MHA tenant.

13  32.  The claims of the class of past and present tenants herein are capable of repetition yet

14  avoiding review, as tenants forced to settle Unlawful Detainer proceedings to avoid eviction still

15  face the likelihood that – without changes in MHA's practices – they will become involved in the

16  same controversy in the future, and MHA's wrongful practices complained of herein will clearly

17  impact other class members in the future as well.

18  33.  Since becoming aware that this complaint would be filed, MHA has taken steps in

19  connection with pending Unlawful Detainer claims or demands for payment based on the claims of

20  wrongdoing raised herein in an attempt to render moot claims by potential class representatives. In

21  addition, MHA has, after long delays with respect to grievance requests, suddenly tried to schedule

22  hearings in advance of LAM's September 20th filing date for the instant complaint. Nonetheless,

23  named Plaintiffs herein who have been subject of this strategy to "pick off" prospective class

24  representative plaintiffs have a cognizable economic interest in the certification of a class action

25  asserting the claims set forth herein, have the ability to fairly and adequately protect the interests of

26  the class, and maintain an adversary relationship with MHA sufficient to adequately sharpen the

27  presentation of issues presented at trial.

28  ///

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

**Classes of Plaintiffs For Whom Claims Are Asserted**

34.     This Complaint seeks relief on behalf of three classes of MHA past and present tenants as follows:

A.     Class A includes all current MHA tenants who seek, *inter alia:*

(1) to enjoin MHA wrongful actions which violate their due process rights to federal Public Housing benefits and constitute unlawful, fraudulent and unfair business practices;

(2) to have their account with MHA corrected so that all charges are properly calculated and all tenant payments have been properly credited;

(3) to have all of their rent payments applied first to rent by MHA, all wrongful late fees chares be withdrawn, and resulting rent deficiencies, if any, be duly segregated from amounts owed for charges other than rent;

(4) to obtain adequate, written notice from MHA to accurate current amounts due, if any, and the opportunity to enter into a Repayment Agreement with MHA, if necessary, to facilitate the payment of outstanding charges;

(5) to have late payments calculated only on the basis of rent payment deficiencies;

(6) to require MHA to make a determination whether any repair or maintenance service on any tenant's apartment was made necessary by an act or failure to act of tenant, tenant's family or guests, to give adequate written notice of this decision and its basis to tenants to allow tenants to commence a grievance challenging such a ruling, and avoid commencing Unlawful Detainer proceedings until a final decision has been issued and adequate opportunity for payment has been provided; and,

(7) to require MHA to put in place a meaningful and effective grievance procedure and provide adequate written notice thereof and require MHA not to commence Unlawful Detainer proceedings until a final decision on grievance procedures addressing the claims at issue in such Unlawful Detainer proceedings have been transmitted, with adequate additional time for payment.

B.     Class B includes all current MHA tenants who have had Unlawful Detainer proceedings wrongfully commenced against them – or as to whom outstanding 14-day notices have been served on them – who seek:

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

9

1                 (1) an order requiring MHA to set aside all outstanding defaults and dismiss their

2 outstanding Unlawful Detainer proceedings; or,

3                 (2) an order requiring MHA to withdraw their outstanding 14-day notices.

4        C.     Class C includes all past and current MHA tenants who have been wrongfully

5 assessed legal fees, excess utility fees, maintenance charges or other wrongful charges, and seek

6 restitution of those charges together with 10% legal interest per annum.

7 **Defendant Marin Housing Authority ("MHA")**

8       35.     Defendant Marin Housing Authority is a Public Housing Authority ("PHA") under

9 the United States Housing Act of 1937, at 42 U.S.C. § 1437 *et seq*. As set forth in MHA's own

10 guidelines – "MHA was established in 1942 by an act of the California legislature and is a public

11 corporation authorized to provide decent, safe, and sanitary housing for low and moderate income

12 people. Marin Housing Authority receives its operating subsidy for the public housing program

13 from the Department of Housing and Urban Development. MHA is not a federal department or

14 agency. A Public Housing Authority (PHA) is a governmental or public body, created and

15 authorized by state law to develop and operate housing and housing programs for low-income

16 families. MHA enters into an Annual Contributions Contract with HUD to administer the public

17 housing program. MHA must ensure compliance with federal laws, regulations and notices and

18 must establish policy and procedures to clarify federal requirements and to ensure consistency in

19 program operation."

20       36.     MHA oversees 3,000 low-rent tenants through its Public Housing and Housing

21 Choice Voucher programs, owns and operates approximately 600 units of public housing, interacts

22 with 2,100 housing choice voucher holders and acts as the primary source for low-income housing

23 in Marin County, California. MHA operates housing for more than 9,000 residents of Marin

24 County.

25       37.     MHA carried out the actions and practices complained of herein – and promulgated

26 and applied the lease provisions and other MHA guidelines complained of herein – under color of

27 state law as a Public Housing Authority under the United States Housing Act and the regulations

28 promulgated thereunder.

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

1

## GENERAL ALLEGATIONS

2

### The Public Housing Program and The United States Housing Act

3      38.    Under the United States Housing Act 42 U.S.C. § 1437 *et seq.* ("the Act"), state

4 authorized Public Housing Authorities provide subsidized housing and housing vouchers to people

5 with low incomes under an extensive set of rules set forth in the Act and in the enabling regulations

6 promulgated by the Department of Housing and Urban Development ("HUD"), 24 CFR 900 *et seq.*

7 This class action under 42 U.S.C. § 1983 is predicated upon MHA's deprivation of federal statutory

8 rights provided MHA tenants under the United States Housing Act and its enabling regulations.

9      39.    The cost to tenants of housing provided under the Act is often much lower than

10 otherwise available comparable housing. For those eligible for public housing under the Act, what

11 tenants will pay for rent is calculated as a function of their income, and Public Housing Authorities

12 are permitted to seek eviction on 14 days' notice in Unlawful Detainer actions only for non-

13 payment of rent.

14      40.    The Act also requires Public Housing Authorities to make specific calculations to set

15 a utility allowance for each tenant, which is included within the rent amount that was to be set forth

16 in each lease as a set dollar amount, *i.e.* the utility charges estimated as the utility allowance could

17 not be assessed in addition to rent where the Public Housing Authority provided utility service to

18 tenants. Public Housing Authorities may charge excess utility charges, if they follow regulatory

19 calculation requirements, along with late fees for non-payment of rent only and maintenance

20 charges for repairing tenant caused damage.

21      41.    Under the Act, however, the legal right to Public Housing cannot be terminated

22 through a summary Unlawful Detainer eviction proceeding for non-payment of charges other than

23 rent, and Public Housing Authorities must resort to a 30-day notice and a much longer legal

24 procedure to obtain an eviction. The right not to be summarily evicted from Public Housing on 14

25 days' notice for debts to a Public Housing Authority for debts other than rent is critical to tenants

26 trying either to obtain necessary funds to meet their debts and/or obtain legal counsel to raise

27 defenses to such an eviction.

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

11

1      42.    In Marin County, for example, eviction through an Unlawful Detainer proceeding on
2 14 days' notice can occur very quickly. MHA must file a "3-day Notice to Pay or Quit."
3 Thereafter, an Unlawful Detainer complaint may be filed. Once a tenant is served, he/she has five
4 days to file an answer. If the tenant does not file an answer, a default can be entered on the sixth
5 day and the sheriff can lock the tenant out five days later. If the tenant files an answer, the landlord
6 can request a trial on the sixth day, which is normally scheduled 10 to 20 days out. Thus, a tenant
7 who answers will have only 16 to 25 days from service of Unlawful Detainer papers to prepare a
8 defense – 30 to 40 days from service of the 14-day notice – to gather proof of payments and/or
9 come up with enough money to reach a satisfactory settlement with MHA.

10     43.    On the other hand, a landlord under the Unites States Housing Act must give 30
11 days' notice to commence eviction proceedings for debts other than rent to tenants who have lived
12 in their Public Housing unit for less than a year. Those who have lived in their units for more than a
13 year – the vast majority of MHA tenants – must be given 90 days' notice. Trial after filing of an
14 answer then can be scheduled in 15 to 25 days. Thus, the vast majority of MHA tenants have 105 to
15 120 days to deal with threatened eviction for debts other than rent – as opposed to 30 to 40 days
16 when faced with eviction on 14 days' notice for failure to pay rent. This additional time often
17 provides MHA tenants a much greater opportunity to obtain the funds necessary to avoid eviction
18 through settlement and/or to obtain effective legal counsel to assert all appropriate defenses, so that
19 the tenant does not lose access to low cost Public Housing.

20     44.    Under the Act, eviction from public housing – either for failure to pay rent or failure
21 to abide by occupancy rules – essentially bars the evicted tenant from ever obtaining public housing
22 in the future. Moreover, if a tenant is otherwise eligible for public housing in a different location,
23 any outstanding balance the tenant has from a previous public housing tenancy must be paid off
24 before they will be admitted to tenancy through a different PHA. Public housing tenants, therefore,
25 are in an intrinsically weak bargaining position when negotiating with Public Housing Agencies to
26 settle Unlawful Detainer actions to evict them.

27     45.    Public Housing Authorities may not include unreasonable terms and conditions in
28 their leases, are required to provide meaningful grievance procedures to deal with disputes with

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

12

1  tenants, and may not commence Unlawful Detainer proceedings while a grievance concerning the

2  amount of rent owed is pending.

3  **Marin Housing Authority Leases**

4      46.    MHA enters into annual leases with each tenant of the housing owned or

5  administered by MHA. The content of those leases are governed by the provisions of 42 U.S.C. §

6  1437 *et seq.*, and by the regulations promulgated thereunder, which appear at 24 CFR § 900 *et seq.*

7  Upon information and belief, at all times hereto relevant (with the exception of the excess utilities

8  provision noted below), the leases entered into between MHA and the tenants, Plaintiffs hereunder,

9  and the members of the named classes, contained the following provisions:

10      (a)    The tenant's rent was to be set out as a fixed amount, and included an allowance for

11  utilities being paid on the tenant's behalf by MHA.

12      (b)    MHA was empowered to evict tenants in fourteen days (14) only in case of failure to

13  pay rent – through an Unlawful Detainer action – but not for the failure to pay charges other than

14  rent that tenants became obligated to pay thereunder.

15      (c)    MHA was obligated to pay for repairs to any dwelling or appurtenance thereto, at its

16  own expense, except only where the need for the repair was caused by the tenant, persons in the

17  tenants household and tenant guests.

18      (d)    The tenant could be charged for excess utilities, only provided MHA followed

19  certain enumerated rules regarding notice to the tenant and the calculation of such excess utilities.

20      (e)    Tenants had the right to a formal grievance hearing governed by federal regulations

21  if they felt that the MHA was acting improperly in regards to the matters covered by the lease –

22  specifically including the validity the amount claimed due as rent in a notice to quit in an eviction

23  proceeding – unless that notice to quit was predicated on criminal, violent or drug related activities

24  of a tenant. Grievance requests are to be responded to within 10 days.

25      47.    These leases did not contain any provisions which stated that MHA was entitled to

26  attorneys' fees based of any kind, including legal fees billed to MHA by attorneys hired by MHA to

27  prosecute Unlawful Detainer proceedings or negotiate settlements thereof.

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

13

1    48.    Applicable federal law and regulations requires that MHA-tenant leases be reviewed
2  and renewed at least annually. Starting in January 2012, MHA has altered the lease terms for its
3  new leases to require that tenants enter into contracts with the local utility for gas and electricity. At
4  the time of these changes, Plaintiffs are informed and believe and based thereon allege that MHA
5  reduced the rent due from the tenants entering into such new leases by a sum it contended was equal
6  to the earlier utility allowance that had been included in the amount set out in the lease as rent.

7  **Established MHA Practices In Dealing With Tenants**

8    49.    MHA has implemented the following practices with respect to all tenants in MHA
9  owned or administered property:

10    (a)    MHA applies any payment by the tenants to the following charges in the following
11  order: (1) security deposits, (2) other charges, including document fees and late fees, (3) legal fees,
12  (4) excess utility charges, (5) maintenance charges, (6) retroactive rent, and – last – (7) current rent.

13    (b)    Instead of providing bills to tenants on a monthly basis, including all charges other
14  than rent that MHA has assessed against a tenant, MHA often delays informing the tenant of the
15  amount that it contends are delinquencies in rent for long periods – in many cases six months or
16  more – and as a result, tenants receiving such notices of delinquent rent often cannot possibly pay
17  the very large, allegedly past-due amounts to avoid eviction by MHA.

18    (c)    MHA routinely ignores MHA tenants' declarations on checks submitted to pay rent
19  that the check is provided only to pay a specific month's rent, and instead applies such payments as
20  set out in paragraph 49 (a) above.

21    (d)    When tenants made timely payments of the dollar amount of rent specified in the
22  leases, but MHA's policy of using such payments to satisfy other unpaid charges first created
23  artificial deficiencies in rent payments when none actually existed – or wrongfully and materially
24  increased the amount of MHA's claims of rent due – MHA routinely commenced Unlawful
25  Detainer actions on 14 days' notice to evict tenants based on such delinquencies. Upon information
26  and belief, these practices led to evictions that otherwise would not have occurred. This practice
27  constitutes a breach by MHA of the provisions of its leases.

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 ET. SEQ.

14

1    (e)    Upon information and belief, MHA also routinely seeks to evict tenants on 14 days'
2    notice through an Unlawful Detainer proceeding based on an error plagued accounting system
3    which produces knowingly inaccurate statements of amounts of rent owed by the tenant.

4    (f)    When issuing a 14-day notice to the tenant setting out what MHA contends are
5    delinquent rent payments, or when filing such notices with California courts as part of an Unlawful
6    Detainer proceeding to evict the tenants, MHA's statements of rent due presented to the Superior
7    Court in Marin County do not list any payments received from the tenants, nor amounts due not for
8    rent but for "other charges" such as maintenance or late charges. As a result, the delinquency notice
9    is knowingly inaccurate, and improperly and misleadingly gives the impression – especially when
10   used in court in Unlawful Detainer proceedings – that the tenant has in fact made no payments
11   during the entire period in question and that the amount MHA contends to be rent due is accurate.

12   (g)    All payments from tenants for rent and all other charges are applied by MHA to
13   cover the oldest outstanding charge set out in MHA's records – in the order of application noted
14   above – whether such charge was for rent or not, whether or not the charge was accurate, and
15   regardless of tenants expressing their intent that the money go towards rent. If such order of
16   application resulted in such tenant payments being insufficient to cover rent, MHA assessed a "late
17   charge," even though the Act permits assessment of "late charges" only on rent due, not due to the
18   non-payment of other charges.

19   (h)    MHA also regularly utilizes its practice of including charges other than rent in the
20   notices it uses to commence Unlawful Detainer proceedings to create artificial deficiencies in rent
21   payments, or to materially and wrongfully increase the amount of such deficiencies. MHA then
22   uses this false and inaccurate data, together with the pendency of the Unlawful Detainer proceeding,
23   to successfully coerce tenants to enter into settlement agreements which result in the payment of
24   charges other than rent and the release of the tenant claims against MHA. These coerced
25   settlements also frequently require the tenant to pay legal fees and costs, assessed by MHA even
26   though MHA leases contain no provisions which authorize collection of legal fees under California
27   law and even though there has not been a court order in litigation declaring MHA the prevailing
28   party.

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 ET. SEQ.

15

1       (i)     On information and belief, the units owned and managed by MHA are old and

2   decrepit, and MHA has failed to expend amounts reasonably necessary to keep such buildings in the

3   most basic state of repair. Instead, whenever a tenant requests maintenance on his unit, or notifies

4   MHA of a defective condition (e.g. for leaky pipes, flooding, electrical faults, jammed doors, mold

5   and mildew) and MHA sends a repair crew to respond to the problem, MHA routinely assess a

6   maintenance charge against the tenant (1) despite the fact that the leases pertaining to such tenants

7   contain no provisions permitting such assessment, and/or (2) despite MHA's failure to take any

8   steps necessary to determine whether a given repair is in fact the tenant's fault – as required by

9   statute and regulation – or is rather the result of MHA's failure to adequately maintain the buildings.

10  MHA regularly utilizes these charges to commence Unlawful Detainer actions to evict tenants for

11  other than non-payment of rent and coerce unfair settlements. The practice of charging tenants for

12  repairs for which they are not responsible constitutes a breach of MHA leases.

13      (j)     MHA's leases contain provisions which set out the specific calculations and

14  requirements MHA must use if it decides to assess tenants for "excess utility charges," defined as

15  the amount by which actual utility charges for a rental unit exceed the "utility allowance" which

16  must be calculated by Public Housing Authorities under applicable regulations as the expected

17  utility charges for its rental units. This "utility allowance" is incorporated by law into the rent

18  payments calculated for each tenant as a function of their income – such that the "utility allowance"

19  is deemed paid through the tenant's payment of the amount so calculated as rent. Upon information

20  and belief, however, MHA's calculation of "excess utility charges" violates statutory and regulatory

21  requirements and is randomly inconsistent, resulting in "excess utility charges" so large as to

22  suddenly subject tenants to unreasonable charges that are multiples of their monthly rent and far

23  exceed their monthly income. This wrongful calculation of "excess utility charges" was regularly

24  utilized to commence Unlawful Detainer proceedings and coerce unfair settlements, and violated

25  MHA leases with its tenants.

26      (k)     When MHA engages counsel to file an Unlawful Detainer action, or prepare for one,

27  and the tenant decides he/she needs to settle the matter, MHA insists that the tenant pay its

28  attorneys' fees and costs as a condition of being permitted to remain in public housing, despite the

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 ET. SEQ.

16

1   fact that federal law precludes the assessment of legal fees when not legally authorized and where

2   no court has issued an order declaring that MHA has prevailed in litigation. MHA uses the threat of

3   eviction, and the consequent inability of the tenants to secure PHA units after such an eviction, to

4   coerce tenants to pay attorneys' fees without any legal basis for such claim.

5       (l)    In addition, MHA counsel charge rates for attorney time that are unreasonably high –

6   far in excess of what the Marin County Superior Court has fixed as appropriate for Unlawful

7   Detainer actions and in excess of attorney fees normally charged for unlawful detainer cases in the

8   San Francisco Bay Area – charges that are not supported by any time records to justify

9   reasonableness.

10      (m)    When a tenant requests a grievance hearing to complain about charges being levied,

11  or other acts of MHA, MHA fails and refuses to schedule a hearing to evaluate the tenants'

12  complaints, rendering the MHA's grievance process a nullity and offering no due process

13  whatsoever with regard to those complaints, in violation of applicable statutes and regulations.

14  Instead, while the request for a grievance hearing is pending, MHA often moves to evict the tenant

15  for non-payment of rent. This failure to provide a reasonable grievance procedure as required by

16  the federal law constitutes a breach of MHA leases with its tenants.

17      (n)    MHA routinely refuses to offer Repayment Agreements, even though such

18  agreements are required of MHA under its own guidelines and even though the tenant involved has

19  met all applicable conditions to obtaining such a Repayment Agreement that MHA has published.

20      (o)    If these numerous, serious violations of law in MHA's collection practices were not

21  enough, MHA made it clear as recently as June 11, 2012 – in a notice sent to all tenants – that MHA

22  had decided to undertake even more aggressive collection actions and provide tenants with less

23  information about what MHA claims they owe and less opportunity to prove that they in fact made

24  a rent payment to MHA. This letter indicated that in the future, tenants (1) will not receive a regular

25  statement showing their balance with MHA, (2) MHA will no longer give receipts to tenants when

26  they make payments to MHA, and (3) MHA intends to pursue a "more aggressive rent collection

27  procedure." Such a procedure will exacerbate the problems created by the flawed, illegal and

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

17

1  misleading collection practices MHA now undertakes, as set forth herein, and will increase the

2  likelihood of public housing residents being wrongfully evicted from MHA housing.

3  **Plaintiffs' Class Status Under Rule 23**

4      50.     As set forth in the First Cause of Action below, Plaintiffs assert class action claims

5  under 42 U.S.C. § 1983 based upon acts and practices of Defendant MHA undertaken through state

6  action, wrongfully depriving Plaintiffs of federal rights provided under the United States

7  Housing Act, 42 U.S.C. § 1537 *et seq*., and the regulations promulgated thereunder.

8      51.     The named Plaintiffs herein sue as representatives of, and on behalf of, all similarly

9  situated current and former tenants of MHA who are or have been affected and damaged by the

10  practices of MHA set forth herein, under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs

11  meet all of the requirements of Rule 23(a)(1–4) as follows:

12      **A.      Numerosity**

13          (1)     Plaintiffs in all classes lack the financial ability to maintain individual

14  lawsuits challenging MHA practices, such that a class action suit maintained by representative

15  Plaintiffs is their only means of redress for MHA's violations of the United States Housing Act.

16          (2)     The identity of many class members is unknown, because many tenants are

17  wrongfully coerced into making payments and/or accepting forced settlements of alleged

18  indebtedness to MHA rather than face possible retaliation and eviction.

19          (3)     The classes of current and former MHA tenants impacted by MHA violations

20  of the United States Housing Act renders individual claims so numerous as to render joinder

21  impracticable. The Defendant or its agents and employees are believed to have knowledge of the

22  number of plaintiffs in classes A, B, and C, as defined above. The number of members of classes A

23  and B are believed to consist of hundreds of current and former MHA tenants; the number of

24  members of class C are believed to consist of over a thousand.

25          (4)     Upon information and belief, the identities of class members can be readily

26  determined from records maintained by Defendant and its agents.

27  / / /

28  / / /

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ*.

18

1    **B.    Commonality**

2                              **Questions of Fact Common to the Class**

3          (1)    Does MHA regularly apply payments for rent – whether or not by checks

4    stating that they are for "Payment of rent" – to all other charges first, and rent last?

5          (2)    Does MHA regularly commence or threaten to commence Unlawful Detainer

6    proceedings alleging amounts of rent due from the tenant that actually include charges other than

7    rent?

8          (3)    Is MHA's accounting system materially flawed such that MHA often

9    knowingly produces inaccurate statements of rent owing which do not reflect payments made by

10   tenants, and knowingly uses such inaccurate statements to commence Unlawful Detainer

11   proceedings?

12         (4)    Does MHA coerce tenants to reach settlements with MHA on claims of

13   tenant indebtedness for rent by commencing or threatening to evict tenants through Unlawful

14   Detainer proceedings based on the assessment of charges other than rent, thereby threatening to

15   prohibit such tenants from ever again obtaining Public Housing in the event that they proceed to

16   trial and lose?

17         (5)    Does MHA's application of payments practices cause MHA to assess late

18   charges for non-payment of charges other than rent?

19         (6)    Does MHA assess excess utility charges in a manner other than that required

20   pursuant to 24 CFR 965.506, resulting in the assessment of higher charges than would result from

21   proper calculation thereunder?

22         (7)    Does MHA assess maintenance charges for each maintenance visit,

23   regardless of whether the maintenance or repair involves damage to the premises caused by tenants?

24         (8)    Does MHA assess legal fees where there has been no determination of

25   prevailing party by a court in litigation and require MHA tenants to pay such fees as a condition of

26   any settlement of Unlawful Detainer proceedings?

27

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

19

1     (9)  Does MHA fail to provide meaningful grievance procedures pursuant to the

2  requirements of the United States Housing Act, to deal with tenant disputes with MHA, by routinely

3  failing to schedule conferences or hearings to deal with such grievances?

4     (10)  Does MHA commence Unlawful Detainer proceedings to evict tenants in

5  spite of the tenants outstanding filed grievance hearing requests to contest an alleged debt to MHA

6  – *inter alia*, wrongful assessment of charges, wrongful applications of rent payments, failure to

7  credit tenant payments as to tenant indebtedness, or wrongful assessment of maintenance charges,

8  excess utility charges or legal fees – prior to commencement of such Unlawful Detainer

9  proceedings?

10    (11)  Has MHA undertaken unlawful, misleading and unfair business practices

11  under B&P Code §17200, *et seq.*?

## Questions of Law Common To The Class

13    (1)  Does MHA's payment application scheme, and MHA's frequent, general

14  failure to accurately calculate rent owed by tenants, cause the commencement of Unlawful Detainer

15  actions to evict tenants for artificial delinquencies, or amounts significantly greater than actual rent

16  owed pursuant to the United States Housing Act and its enabling regulations?

17    (2)  Does MHA's application of payment rules violate the United States Housing

18  Act by resulting in the wrongful assessment of late charges due to non-payments of charges other

19  than rent?

20    (3)  Does MHA's actions pursuant to ACOP Section 8.IF entitled "Payment

21  Application" – under MHA's erroneous claim that such policies have been properly incorporated

22  into MHA leases – constitute and unreasonable term and condition in MHA leases in violation of

23  the United States Housing Act?

24    (4)  Does MHA's collection of maintenance charges for maintenance visits

25  unrelated to tenant or guest damage to rental apartments violate the United States Housing Act?

26    (5)  Does MHA's collection of attorneys' fees and costs, where no such right to

27  attorneys' fees is set forth in the subject MHA leases and no party has been determined by a court to

28  be the prevailing party in litigation, violate the United States Housing Act?

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

20

1    (6)   Does MHA's collection of attorneys' fees and costs – under its unilaterally

2    adopted and contractually unincorporated ACOP – constitute an unreasonable term and condition in

3    leases, in violation of the United States Housing Act?

4    (7)   Does MHA's practices in wrongfully assessing excess utility charges violate

5    the United States Housing Act?

6    (8)   Does MHA's failure to schedule grievance proceedings – and its utilization

7    of Unlawful Detainer proceedings to evict tenants during the pendency of wrongfully delayed

8    grievance proceedings – constitute a violation of the United States Housing Act?

9    (9)   Does MHA's extensive delays in scheduling grievance hearings violate the

10   requirements of the United States Housing Act?

11   (10)  Should MHA be ordered to make restitution of wrongfully calculated excess

12   utility charges, maintenance charges for services not made necessary by acts of its tenants and

13   unauthorized legal fees assessed in violation of the United States Housing Act?

14   **C.   Typicality**

15   (1)   Ms. Hall's claims are typical of class claims for violation of the United States

16   Housing Act relating to the wrongful commencement of Unlawful Detainer proceedings based on

17   allegations of rent due which include charges other than rent, the wrongful assessment of

18   maintenance charges when the tenants or guests did not cause the need for repair, the wrongful

19   assessment of excess utility charges in violation of applicable regulations, the failure to provide a

20   meaningful grievance procedure, and the effective adoption of unreasonable terms and conditions in

21   MHA leases.

22   (2)   Ms. Williams's claims are typical of class claims for violation of the United

23   States Housing Act related to the wrongful commencement of Unlawful Detainer proceedings based

24   on allegations of rent due which include charges other than rent, and the wrongful assessment and

25   collection of legal fees through the coercive filing of Unlawful Detainer proceedings based on

26   allegations of amounts of rent due, which includes charges other than rent.

27   (3)   Ms. Brown's claims are typical of class claims for violation of the United

28   States Housing act related to the wrongful commencement of Unlawful Detainer proceedings based

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 ET. SEQ.

21

1  on allegations of rent due which includes charges other than rent, the wrongful assessment of excess

2  utility charges in violation of applicable regulation, the failure to provide a meaningful grievance

3  procedure, the commencement of Unlawful Detainer actions while a grievance was pending, and the

4  assessment of late fees based on charges other than rent.

5          (4)    Ms. Contreras's claims are typical of class claims for violation of the United

6  States Housing act related the wrongful commencement of Unlawful Detainer proceedings based on

7  allegations of rent due which include charges other than rent, the wrongful assessment of

8  maintenance charges when the tenants or guests did not cause the need for repair, and the

9  consequent attempt by MHA to evict tenants even though full rental payments have been tendered.

10          (5)    Ms. Martinez's claims are typical of class claims relating to MHA's knowing

11  use of inaccurate calculations in claiming rent due its tenants, the failure to provide a meaningful

12  grievance procedure, and the wrongful assessment of late charges on the non-payment of charges

13  other than rent.

14        **D.**    **Adequacy of Representation**

15      52.    The named Plaintiffs can fairly and adequately protect the interests of the class.

16  Plaintiffs have retained counsel experienced in litigating complex class actions, have significant

17  knowledge of the United States Housing Act and enabling regulations, have significant experience

18  representing tenants in litigation against Public Housing Authorities, and specifically the Marin

19  Housing Authority, and who have committed significant resources to conducting this litigation.

20  Plaintiffs' counsel are litigating this case on a contingency basis.

21      53.    A class action is proper herein under Rule 23(b)(2) because MHA has acted, and

22  refused to act, on grounds generally applicable to the class of MHA tenants on whose behalf this

23  action is brought, thereby rendering declaratory and injunctive relief appropriate with respect to the

24  class as a whole through –

25      (a)    The declaration that MHA practices complained of herein constitute state action in

26  violation of 42 U.S.C. § 1983, through the deprivation of federal statutory rights afforded MHA

27  tenants under the United States Housing Act; and,

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

22

1    (b)    An injunction barring such MHA practices, policies and procedures and requiring

2    revision thereof to meet legal requirements.

3    54.    Prosecuting the claim of MHA tenants for restitution as a class action is superior to

4    any other methods for fair and efficient adjudication of the controversy because class members have

5    no interest in individually controlling the prosecution of separate actions, as individual prosecutions

6    would be uneconomic, would impose heavy burdens on the parties, and would create risk of

7    inconsistent adjudications. In addition, it is unlikely that there will be any significant difficulties in

8    managing this case as a class action.

9    55.    A final judgment on the merits of Plaintiffs' claims would be fully dispositive of the

10   claims and interests of others similarly situated who are not specifically named as plaintiffs and

11   would be the optimum mode of decision in terms of judicial efficiency and avoidance of piecemeal

12   adjudication.

13   ### FIRST CAUSE OF ACTION

14   **42 U.S.C. § 1893 and 42 U.S.C. § 1437 *et seq.***

15   **Class Action Claim For Permanent Injunction Against Deprivation of Rights Under United States Housing Act**

16   56.    Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 – 55 herein.

17   57.    MHA violated 42 U.S.C. § 1983 through the acts and practices complained of herein

18   that were undertaken under color of state law and wrongfully deprived Plaintiffs of federal rights

19   provided under the United States Housing Act, 42 U.S.C. § 1537 *et seq*., and the regulations

20   promulgated thereunder, by *inter alia* –

21   (a)    Commencing Unlawful Detainer actions upon 14 days' notice on claims of rent

22   owing, which include charges other than rent;

23   (b)    Assessing late charges relating to non-payment of charges other than rent;

24   (c)    Charging amounts for excess utilities calculated in violation of applicable

25   regulations;

26   (d)    Assessing maintenance fees when neither the tenant or guests were responsible for

27   the condition needing repair and/or failing to determine, as required, whether tenants are responsible

28   for conditions needing repair or not;

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

23

1    (e)    Commencing Unlawful Detainer actions even when the tenant has previously filed a
2  grievance related to the amount of rent or other charges owed and MHA's right to evict the tenant;

3    (f)    Failing to provide a meaningful grievance procedure, required by the United States
4  Housing Act, to deal with disputes between MHA and its tenants; and,

5    (g)    Assessing legal fees in clearly unreasonable amounts when MHA has not been
6  adjudicated by a court to be the prevailing party in litigation.

7    58.    MHA's purported attempt to incorporate its "Admissions and Continued Occupancy"
8  manual into MHA leases with its tenants is confusing and misleading and does not meet the
9  requirements of California law for the incorporation of a separate document into a lease.  Upon
10  information and belief, the vast majority of MHA's tenants have no idea what the "Admissions and
11  Continued Occupancy" manual ("ACOP") is – or that MHA contends that tenants must abide by all
12  the provisions found in its 275+ pages – since MHA leases do not specifically incorporate the
13  ACOP into the leases, only refer to the ACOP in connection with MHA decisions as to changes in
14  unit size and unit transfers, and is not one of the eight documents attached to the lease.

15    59.    MHA violated 42 U.S.C. § 1983, acting under color of state law, and
16  wrongfully deprived Plaintiffs of federal rights provided under the United States Housing Act, 42
17  U.S.C. § 1537 *et seq.*, and the regulations promulgated thereunder, by unilaterally adopting its
18  ACOP, erroneously purporting that the ACOP was effectively incorporated into all MHA leases,
19  and acting accordingly, thereby effectively adopting unreasonable lease terms and conditions,
20  which –

21    (a)    Facilitate the commencement of Unlawful Detainer proceedings based on allegations
22  of rent due that include charges other than rent;

23    (b)    Permit the assessment of late fees based on non-payment of charges other than rent;
24  and,

25    (c)    Purport to permit assessment of legal fees even where MHA has not been
26  adjudicated by the court as a prevailing party in litigation.

27    60.    A permanent injunction is necessary to prohibit MHA from such statutory violations
28  in the future.  Without such permanent injunctive relief, the class for which this action is

---

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

24

1  commenced will be irreparably harmed by MHA's illegal practices. Absent such permanent

2  injunctive relief, substantial injury to the class will occur which cannot be adequately remedied at

3  law.

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1893 and 42 U.S.C. § 1437 *et seq.*
### Class Action Claim For A Declaratory Judgment That MHA Practices Wrongfully Deprive Plaintiffs of Rights Provided Under the United States Housing Act

61.  Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 – 60 herein.

62.  An actual controversy has arisen and now exists between class Plaintiffs and MHA

as to whether MHA practices complained of herein constitute violations of 42 U.S.C. § 1983 for

deprivation of rights provided Public Housing Authority tenants under 42 U.S.C. § 1437 et seq.

63.  A declaratory judgment is necessary in that Plaintiffs contend that MHA's practices

complained of herein constitute violations of 42 U.S.C. § 1983 for deprivation of rights provided

Public Housing Authority tenants under 42 U.S.C. § 1477 et seq. and MHA claims that it has not

deprived its tenants of such rights.

## THIRD CAUSE OF ACTION

### California Business & Professions Code § 17200 *et seq.*
### For A Permanent Injunction Against Unlawful, Misleading and Unfair Business Practices

64.  Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 – 63 herein.

65.  MHA's multiple violations of the United States Housing Act as set forth herein

constitute unlawful business practices under Business and Professions Code § 17200 *et seq.*

66.  MHA also has undertaken unlawful business practices, as follows:

(a)  By knowingly issuing inaccurate 14-day notices – for all the reasons set forth

herein – MHA violated the requirement of California Code of Civil Procedure § 1161 for a full and

accurate statement of amount of rent due and owing;

(b)  By assessing unconscionably high legal fees when it has no legal authority

whatsoever to do so – in violation of California law that legal fees are recoverable only when

reasonable if authorized by contract or statute; and,

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

25

1      (c)    By refusing to apply tenant payments only to rent due, and instead wrongfully

2  applying such payments to other charges as described herein, in violation of California Civil Code §

3  1479.

4      67.    MHA has undertaken fraudulent business practices under Business & Professions

5  Code 17200 *et. Seq.*, through representations likely to deceive members of the public seeking to

6  become tenants in Public Housing Projects, and those who become tenants, by:

7      (a)    Issuing inaccurate 14-day notices which fail to correctly calculate rent due and which

8  characterize other charges as rent pursuant to MHA's policy of applying tenant payments to all

9  other charges first and rent last;

10      (b)    Issuing 14-day notices which intentionally fail to show any payments received from

11  the tenants, or if MHA has applied payments to "other charges" as opposed to rent. As a result, the

12  delinquency notice is inaccurate and misleading and deceives the tenants involved and courts which

13  hear Unlawful Detainer proceedings based on such notices;

14      (c)    Issuing inaccurate statements of rent due to tenants which fail to correctly calculate

15  rent due, including through MHA's payment application policy;

16      (d)    Including in MHA leases misleading descriptions of what additional documents are

17  purportedly incorporated by reference into MHA leases, which is likely to mislead tenants as to

18  their obligations under the leases;

19      (e)    Issuing lease provisions and policies which purport to make disputes related to the

20  non-payment of rent and potential eviction subject to formal grievance procedures, only to

21  inordinately delay grievance proceedings and commence Unlawful Detainer proceedings while such

22  grievance procedures are pending;

23      (f)    Issuing lease provisions and policies which purport to make tenant disputes with

24  MHA subject to formal grievance procedures, where such procedures are actually either non-

25  existent or inordinately delayed, misleading tenants into failing to take legal action in court to

26  remedy MHA's wrongdoing;

27      (g)    Intentionally failing to notify tenants for six months or more of charges other than

28  rent that MHA alleges are due and owing – (1) misleading tenants who regularly pay the amount of

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

26

1  their rent as stated in their MHA lease that they are not in arrears, (2) secretly building large

2  arrearages, and (3) using them as the basis of Unlawful Detainer proceedings, all of which leave

3  tenants little or no opportunity to clear the debt and avoid eviction; and,

4      (h)    Assessing unreasonably high excess utility charges upon the representation that such

5  charges have been calculated pursuant to applicable federal regulation, when in fact they have not

6  been so calculated, misleading tenants into believing that they are validly liable for such charges.

7      68.    MHA has undertaken, and continues to undertake, unfair business practices pursuant

8  to Business & Professions Code § 17200, by:

9      (a)    Undertaking the acts set out in paragraph 66 (b) and (c) and paragraph 67 herein; and

10      (b)    Refusing to offer Repayment Agreements, in breach of MHA's own policies, even

11  though tenants meet all applicable conditions to obtaining such a Repayment Agreement.

12      69.    The unfair business practices set forth in paragraph 68 above:

13      (a)    Substantially injure MHA tenants – consumers of MHA housing;

14      (b)    Which injury is not substantially outweighed by any countervailing benefits to

15  consumers or competition; and,

16      (c)    Which injury could not have been reasonably avoided by the consumers themselves.

17      70.    Alternatively, the unfair business practices set forth in paragraph 68 above:

18      (a)    Offend public policy established by statute and common law;

19      (b)    Are immoral, unethical, oppressive or unscrupulous; and,

20      (c)    Cause substantial injury to MHA tenants, consumers of MHA housing.

21      71.    A permanent injunction is necessary to prohibit MHA from such statutory violations

22  in the future. Without such permanent injunctive relief, the class for which this action is

23  commenced will be irreparably harmed by MHA's illegal practices. Absent such permanent

24  injunctive relief, substantial injury to the class will occur which cannot be adequately remedied at

25  law.

26      72.    The injunctive relief sought herein will result in the enforcement of important rights

27  affecting the public interest, in part as set forth in the United States Housing Act, confer a

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

27

1    significant benefit on a large number of past and present MHA tenants, who will now be able to

2    enjoy the rights provided them under that Act, as a result of significant enforcement efforts.

3

**FOURTH CAUSE OF ACTION**

4

**California Business & Professions Code § 17200 *et seq.***

**Class Action Claim For Restitution of Legal Fees, Maintenance Charges and Excess Utility Charges Assessed and Collected Through Unlawful, Misleading and Unfair Business Practices**

5

6        73.    Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 – 72 herein.

7        74.    As set forth herein, MHA has wrongfully obtained funds from past and present MHA

8    tenants through unlawful, fraudulent and unfair means in violation of Business & Professions Code

9    § 17200 *et. Seq.* Such fees include legally unauthorized and unconscionably high legal fees,

10    maintenance fees to repair conditions not caused by MHA tenants or their guests, and excess utility

11    charges calculated and assessed in violation of applicable regulations.

12        75.    For the reasons set forth herein, restitution of such wrongfully assessed and collected

13    funds is authorized under Business and Professions Code § 17203 to Plaintiffs and other past and

14    present MHA tenants.

15

**PRAYER FOR RELIEF**

16        WHEREFORE, PLAINTIFFS seek an order and judgment against The Marin Housing

17    Authority, for themselves and others similarly situated, as follows:

18        1.    For a permanent injunction against MHA's violations of 42 U.S.C. § 1983 through

19    deprivation of legal rights afforded Plaintiffs, and others similarly situated, under the United States

20    Housing Act, 42 U.S.C. § 1437 *et seq.*;

21        2.    For a declaratory judgment that MHA's practices violated Plaintiffs' rights, and

22    those of others similarly situated, under 42 U.S.C. § 1983 and the United States Housing Act, 42

23    U.S.C. § 1437 *et seq.*;

24        3.    For a permanent injunction against MHA's unlawful, fraudulent and unfair business

25    practices as set forth herein;

26        4.    For an Order that MHA must correct all outstanding MHA tenant accounts, so that –

27        (a) all charges are properly calculated;

28        (b) all tenant payments have been properly credited;

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

28

1    (c) all rent payments have been applied to rent and not other charges, and all wrongful late

2    fee charges are withdrawn;

3    (d) the resulting rent deficiencies, if any, are duly segregated from amounts owed for

4    charges other than rent;

5    (e) all affected tenants are provided written notice from MHA to accurate current amounts

6    due, if any; and,

7    (f) all affected tenants be given the opportunity to enter into a Repayment Agreement with

8    MHA, if necessary, to facilitate the payment of outstanding charges, given a reasonable period to

9    pay such charges.

10    5.    For an order that, going forward, MHA must, *inter alia*:

11    (a) provide a written accounting of all amounts due from each tenant on a monthly basis;

12    (b) apply all tenant payments to rent where tenants indicate in writing, on a check or

13    otherwise, that the payment should be applied to rent;

14    (c) apply all tenant payments to rent first, and all other charges thereafter;

15    (d) calculate and charge late fees only on the basis of any deficiency in the payment of rent,

16    after applying payments as set forth in subparagraphs (b) and (c) herein;

17    (e) provide receipts to tenant for all tenant payments made at any MHA offices;

18    (f) provide an opportunity for all tenants to enter into Repayment Agreements before

19    commencing Unlawful Detainer proceedings based on alleged amounts owed MHA by tenants;

20    (g) avoid commencing Unlawful Detainer proceedings until a final decision has been issued

21    in grievance proceedings putting in question alleged amounts owed MHA by tenants and tenants

22    have been provided 10 days to make payments required by such decisions;

23    (h) put in place a meaningful and effective grievance procedure and provide adequate

24    written notice thereof; and,

25    (i) make a determination whether any repair or maintenance service on any tenant's

26    apartment was made necessary by an act or failure to act of tenant, tenant's family or guests, give

27    adequate written notice of this decision and an adequate period to allow tenants to commence a

28    grievance challenging such a ruling, and avoid commencing Unlawful Detainer proceedings based

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

29

1  upon such charges until a final decision has been issued in such grievance and tenants have been

2  provided 10 days to make any payments required by such decisions.

3      6.      For restitution – to past and present MHA tenants – of wrongfully assessed and

4  collected maintenance charges, legal fees and excess utility charges through unlawful, fraudulent

5  and unfair business practices of MHA, as set forth herein;

6      7.      For reasonable attorneys' fees according to proof at trial under 42 U.S.C. § 1983 and

7  California Code of Civil Procedure § 1021.5;

8      8.      For costs of suit; and,

9      9.      For any further relief as to the Court appears just and proper.

10

11  Dated:  September 19, 2012                    SOMMERS & SCHWARTZ, LLP

12

13                                              By: Andrew Schwartz, Attorneys for Plaintiffs
                                                Jacquelyn Hall, Esther Williams, Rachael
14                                              Brown, Nicanora Contreras, and Ariana
                                                Martinez
15

16  Dated:  September 19, 2012                    LEGAL AID OF MARIN

17

18                                              By: Maura Prendiville, Attorneys for Plaintiffs
                                                Jacquelyn Hall, Esther Williams, Rachael
19                                              Brown, Nicanora Contreras, and Ariana
                                                Martinez
20

21

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR
VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND
UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 ET. SEQ.

30

1

## DEMAND FOR JURY TRIAL

2    Plaintiffs Jacquelyn Hall, Esther Williams, Rachael Brown, Nicanora Contreras, and Ariana

3    Martinez demand a trial by jury in this action.

4

5    Dated: September 19, 2012                     SOMMERS & SCHWARTZ, LLP

6

7                                                 By: Andrew Schwartz, Attorneys for Plaintiffs
8                                                 Jacquelyn Hall, Esther Williams, Rachael
                                                  Brown, Nicanora Contreras, and Ariana
9                                                 Martinez

10

11

12   Dated: September 19, 2012                     LEGAL AID OF MARIN

13

14                                                 By: Maura Prendiville, Attorneys for Plaintiffs
                                                  Jacquelyn Hall, Esther Williams, Rachael
15                                                 Brown, Nicanora Contreras, and Ariana
                                                  Martinez

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR PERMANENT INJUNCTION, DECLARATORY JUDGMENT AND RESTITUTION FOR VIOLATION OF 42 U.S.C. § 1983 AND THE UNITED STATES HOUSING ACT, AND FOR UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA B&P CODE § 17200 *ET. SEQ.*

31