1  Frank Sommers (State Bar No. 109012)
   Andrew Schwartz (State Bar No. 100210)
2  SOMMERS & SCHWARTZ LLP
   One Embarcadero Center, Suite 800
3  San Francisco, CA 94111
   Telephone: (415) 955-0925
4  Facsimile: (415) 955-0927

5  Maura Prendiville (State Bar No. 257514)
   LEGAL AID OF MARIN
6  30 N. San Pedro Road, Suite 220
   San Rafael, CA 94903
7  Telephone: (415) 492-0230
   Facsimile: (415) 492-0947
8

9  Attorneys for Plaintiffs Jacquelyn Hall,
   Ariana Martinez, Karla Fernandez,
10 Chavon White, and Esther Williams

11
                   **IN THE UNITED STATES DISTRICT COURT**
12
                   **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
13

14 | JACQUELYN HALL, ARIANA MARTINEZ, | Case No.: C 12-04922 RS |
15 | KARLA FERNANDEZ, CHAVON WHITE, and ESTHER WILLIAMS for themselves and | [~~PROPOSED~~] ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT |
16 | all others similarly situated, | |
17 |        Plaintiffs, | AS MODIFIED BY THE COURT |
18 |   vs. | |
   | | Judge: Honorable Richard Seeborg |
19 | HOUSING AUTHORITY OF THE COUNTY OF MARIN, and DOES 1 through 100, | |
   | INCLUSIVE, | Date Action Filed: September 20, 2012 |
20 | | |
   |        Defendants. | Trial Date: Not Yet Rescheduled |
21

22

23

24

25

26

27

28

---

Plaintiffs Jacquelyn Hall, Ariana Martinez, Karla Fernandez, Chavon White and Esther Williams, on behalf of themselves and a proposed class of similarly situated present and former MHA tenants and The Housing Authority of Marin County ("MHA") have entered into the Settlement Agreement attached as Exhibit A hereto which would resolve this litigation.  Plaintiff has moved for, and MHA has stated that it does not oppose, an order preliminarily approving the Settlement and ordering that notice be given to the class.  The matter having come before the Court on May 15, 2014 and good cause appearing, the Court hereby grants the motion and orders as follows.

1.      The Court finds that the Settlement Class meets each of the requirements of Federal Rule of Civil Procedure 23(a).  (i) <u>Numerosity.</u>  The settlement class includes at least 483 present tenants, and additional former tenants, manifestly a sufficient number to satisfy the numerosity requirement.  (ii) <u>Commonality.</u>  The commonality requirement of Rule 23(a) is met because the issue of whether MHA's practices in applying rent payments and serving allegedly inaccurate 14 day notices, charging legal fees, charging late fees on debts other than rent, charging maintenance fees allegedly not the fault of the tenant, allegedly delaying decreases in rent on notice of decreases in income and allegedly delaying or failing to afford meaningful grievance proceedings, present common issues of fact and law -- as do whether MHA's ACOP changes and refunds were such as to render the case moot through voluntary cessation and whether MHA's actions violated the United States Housing Act and 42 U.S.C. Section 1983.  (iii) <u>Typicality</u>.  The requirements for typicality are met because at least one named Plaintiff allegedly suffered each of the alleged wrongs.  (iv) <u>Adequacy</u>.  The named Plaintiffs are adequate class representatives, Plaintiffs have retained qualified counsel and there is no evidence of any antagonism or conflict of interest between any of them and other members of the class.

2.      Plaintiffs' claims for injunctive and declaratory relief meet the requirements of Rule 23(b) (2) because MHA's alleged wrongful acts were all purportedly effected on the basis of written policies and practices, potentially impacting every present MHA public housing tenant and actually affecting hundreds of present and former tenants.  Moreover, a common, *de facto* policy allegedly controlled MHA's assessment of maintenance charges to tenants and alleged failures to decrease

rent amounts in a timely fashion upon a tenant's notice of a decrease in earnings.  Likewise, the claimed deficiencies in MHA's written eviction, termination, grievance and interim recertification procedures that have now been altered potentially affect all of the 488 present MHA public housing tenants.

3. Plaintiffs' claims for restitution meet the requirements of Rule 23(b)(2) because restitution has been completed.  Thus, superiority is established as "…economies of time, effort, and expense" have already been obtained, "uniformity of decision as to persons similarly situated has been effected, without sacrificing procedural fairness or bringing about other undesirable results," and all potential case management problems have been met in a context where no competing individual claims have been brought.  The test of predominance is met because "…common questions (of fact and law) present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication.

4. Based on the foregoing, the Court conditionally certifies the following Settlement Class:

    (a) all current tenants seeking to require MHA to abide by the terms of the United States Housing Act and the HUD regulations with regard to imposition, collection and application of rent, maintenance, late fees and other charges, notices to cure or quit (14-day and 30-day notices), and eviction, interim re-examination, and grievance procedures;

    (b) all current and former tenants seeking restitution of wrongfully assessed late fees, legal fees, and maintenance fees, together with interest; and,

    (c) all current and former MHA tenants adversely impacted by MHA's conduct that Plaintiffs alleged in this Litigation to be unlawful, including but not limited to, the following allegations: (i) delays in processing tenant grievances or recertifications of income, (ii) current or former tenants who had unlawful eviction proceedings commenced against them, and (iii) current or former MHA tenants who had wrongful 14 day notices served on them.

5. Pursuant to Federal Rule of Civil Procedure 23(g), the Court appoints Sommers and Schwartz LLP and Legal Aid of Marin as Class Counsel and Jacquelyn Hall, Ariana Martinez, Karla Fernandez, Chavon White and Esther Williams as class representatives.

6. The Court authorizes Legal Aid of Marin to act as the Settlement Administrator.

7. A final fairness hearing shall be held before this Court on **July 3, 2014 at 1:30 p.m.** to hear any objections and to determine: (i) whether the proposed settlement and compromise of this action as set forth in the Settlement Agreement is fair, reasonable and adequate for Settlement Class Members and should be approved by the Court; (ii) whether to approve the request of Class Counsel for payment of attorneys' fees, costs and expenses pursuant to the terms of the Settlement Agreement; and (iii) whether Final Judgment should be entered. Notice of such hearing in substantially the form as Exhibit B hereto, shall be mailed to the Settlement Class within one (1) day after entry of this Order in the manner set forth in paragraph 5 e – h of the Settlement Agreement.

8. Any interested person may appear at the Fairness Hearing to show cause why the Settlement and/or the request for attorney fees and costs should or should not be approved. However, no person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the proposed attorney fees and costs unless that person has sent or delivered written objections and copies of any supporting papers to MHA's Counsel, Cholakian & Associates, 400 Oyster Point Boulevard, Ste. 415, So. San Francisco, CA 94080 and Class Counsel, Legal Aid of Marin, 30 North San Pedro Road, Suite 220, San Rafael CA 94903, and has filed such papers with this Court, within **thirty (30) days** after Notice is mailed. Any Settlement Class Member who does not submit an objection in the manner provided above shall be deemed to have waived any objection he or she may have to class certification, to the fairness, adequacy or reasonableness of the Settlement and to the amount of attorneys' fees and reimbursements approved.

9. Any Settlement Class Member who wishes to be excluded from the Settlement class and not be bound by the Settlement Agreement must mail a request for exclusion to the

1 | The Settlement Administrator, Legal Aid of Marin, 30 North San Pedro Road, Suite 220, San Rafael
2 | CA 9490, postmarked no later than within **thirty (30) days** after Notice is mailed.  For a request for
3 | exclusion to be valid, it must be timely and must: (1) state the name of the person wishing to opt
4 | out; (2) state that person's address and telephone number; (3) include a request, stating that "I wish
5 | to exclude myself from the Settlement in *Hall v. Housing Authority of the County of Marin*," which
6 | (4) must be signed and dated by the objector.  Any Settlement Class Member who does not submit a
7 | timely request for exclusion shall be bound by the Settlement Agreement, including the Release set
8 | forth in paragraph 4 thereof, and by the Final Judgment in this matter if and when it is entered.  Any
9 | Settlement Class Member who properly opts out will be deemed to have waived any rights or
10 | benefits under the Settlement Agreement, and will not have standing to object to the Settlement or
11 | to seek to intervene in the action.

12 |     10.    All memoranda and other documents in support of final approval of the settlement
13 | shall be filed on or before June 19, 2014 (**fourteen (14) days** prior to the Fairness Hearing.)

14 |     11.    All other proceedings in this litigation are hereby stayed through the date of the
15 | Fairness Hearing.

16 |     12.    The Court expressly reserves its right to adjourn the Fairness Hearing from time to
17 | time without further notice other than to counsel of record and to approve the proposed Settlement
18 | and request for attorney fees and expenses at or after the originally scheduled Fairness Hearing.

19 |     13.    If for any reason the settlement is not finally approved or does not become effective,
20 | this provisional approval and class certification order shall be null and void, and shall not be used or
21 | referred to for any purpose in this action or any other action or proceeding.

22

23 | **IT IS SO ORDERED.**

24

25 | Dated: 5/15/14                                         _____
26 |                                                              Hon. Richard Seeborg
27 |                                                              U.S. District Court Judge
28