1  Frank Sommers (State Bar No. 109012)
   Andrew Schwartz (State Bar No. 100210)
2  SOMMERS & SCHWARTZ LLP
   One Embarcadero Center, Suite 800
3  San Francisco, CA 94111
   Telephone: (415) 955-0925
4  Facsimile: (415) 955-0927

5  Maura Prendiville (State Bar No. 257514)
   LEGAL AID OF MARIN
6  30 N. San Pedro Road, Suite 220
   San Rafael, CA 94903
7  Telephone: (415) 492-0230
   Facsimile: (415) 492-0947
8

9  Attorneys for Plaintiffs Jacquelyn Hall,
   Ariana Martinez, Karla Fernandez,
10 Chavon White, and Esther Williams

11

12              IN THE UNITED STATES DISTRICT COURT

13          FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 JACQUELYN HALL, ARIANA MARTINEZ,        Case No.: C 12-04922 RS
   KARLA FERNANDEZ, CHAVON WHITE,
15 and ESTHER WILLIAMS for themselves and  [PROPOSED] ORDER OF FINAL
   all others similarly situated,          APPROVAL OF CLASS SETTLEMENT
16
17              Plaintiffs,                 Date: July 3, 2014

18       vs.                               Time: 1:30 p.m.

19 HOUSING AUTHORITY OF THE COUNTY         Dept.: Courtroom 3, 17th Floor
   OF MARIN, and DOES 1 through 100,
20 INCLUSIVE,

21              Defendants.                Judge: Honorable Richard Seeborg

22                                         Date Action Filed: September 20, 2012

23                                         Trial Date: Not Yet Rescheduled

24

25

26

27

28

Plaintiffs Jacquelyn Hall, Ariana Martinez, Karla Fernandez, Chavon White, and Esther Williams, on behalf of themselves and a proposed class of similarly situated present and former Marin Housing Authority tenants and the Housing Authority of the County of Marin ("MHA") have entered into the Settlement Agreement attached hereto as Exhibit A which would resolve this litigation. Plaintiffs have moved for, and MHA has stated that it does not oppose, an order for the final approval of the settlement. Class notice having been effected as set forth in the May 15, 2014, Order of this Court preliminarily approving the settlement, and this Court having reviewed the two only op-outs transmitted in response to the Class Notice, and with no objections to the settlement having been transmitted pursuant to the Order of Preliminary Approval, and good cause appearing, the Court hereby grants the motion and orders as follows:

1.  The Court finds that the proposed settlement and compromise of this action as set forth in the Settlement Agreement is fair, reasonable, and adequate for settlement class members and is hereby approved by the Court.

2.  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of the Settlement Agreement and all orders and judgments entered in connection therewith for a two year period after the date of this Order of Final Approval of the settlement herein.

3.  The request of Class Counsel for the payment of attorneys' fees, costs, and expenses pursuant to the terms of the Settlement Agreement, is fair and reasonable and is approved by the Court.

4.  Final Judgment should be entered approving the settlement.

**IT IS SO ORDERED.**

Dated: _7/3/14_____        _____

HONORABLE RICHARD SEEBORG
U.S. District Court Judge

CLASS ACTION SETTLEMENT AGREEMENT

WHEREAS, Plaintiffs herein, as class representatives on behalf of themselves and others similarly situated, and Defendant, The Housing Authority of the County of Marin ("MHA"), are parties to *Hall et. al. v. Housing Authority of the County of Marin*, in the United States District Court for the Northern District of California, Case No.: C-12-04922 RS ("the Litigation");

WHEREAS, in the Litigation, Plaintiffs contend that MHA is liable under 42 U.S.C. §1983, for injunctive and declaratory relief, as well as restitution, based on the following violations of the United States Housing Act, 42 U.S.C. §1437 *et seq.* ("the Act"), and its enabling regulations set forth at 24 C.F.R. §900 *et seq.*:

(1)    MHA demanded and collected – as a requirement of settling some eviction proceedings – that the tenant pay MHA's legal fees and costs in those proceedings, which charges were not provided for in MHA's leases and were not awarded to MHA by a court judgment as prevailing party;

(2) MHA applied tenant monthly payments first to pay charges other than rent – e.g. late fees, legal fees, utility and maintenance charges ("other charges") – and then to rent, then – (a) served 14-day notices alleging amounts of "rent" due that were based in whole or part on other charges, (b) commenced Unlawful Detainer proceedings based on deficiencies caused by its payment application policy, and (c) charged late fees based on non-payment of other charges rather than only the non-payment of rent;

(3)    MHA assessed a maintenance charge against tenants even where the tenants were not responsible for the damage making such maintenance necessary, requiring MHA tenants to challenge these charges through grievances;

(4)    MHA's 14-day notices did not show any tenant payments used by MHA to pay other charges, making it appear that the tenant had paid no rent, even when the tenant had paid his/her rent due;

(5)    MHA did not process tenant grievances as required by law, serving 14-day notices and commencing eviction proceedings even though the tenant had filed a grievance regarding a tenant's indebtedness to MHA;

(6)    MHA eviction, lease termination and grievance procedures, and 14 day notices, were unduly confusing, unfair and illegal under the Act;

1

(7)     MHA failed to decrease rent based on decreases in tenant earnings by the first day of the month following the month of the income decrease as required;

(8)     MHA refused to offer Repayment Agreements;

WHEREAS, MHA denies that it violated any law or regulation, and denies all liability with respect to the class claims asserted in this litigation. MHA specifically denies that it unlawfully demanded or collected legal fees or costs; that its posting code order with respect to tenant rent payments was unlawful; that it unlawfully assessed maintenance charges where the tenant or their guests were not responsible for such maintenance or repairs; that it served unlawful or unfair 14-day notices or eviction actions; that it did not process timely tenant grievances; that its recertification procedures were in any way unlawful; or that it improperly refused to offer Repayment Agreements;

WHEREAS, after the Litigation was commenced but before the case was tentatively settled, MHA made the following changes to its procedures, among others ("altered procedures," see MHA's ACOP at Ch. 8-I.F "Payments Under the Lease," Ch. 10-III.D"Processing the Interim Reexamination," Ch. 12 – IVD "Lease Termination Notice," and Ch. 13 "Grievance Procedures.")

WHEREAS, MHA contends that it made these ACOP changes voluntarily and that they did not in any way result from this litigation, while Plaintiffs contend that these changes were made as a direct result of this litigation and would not have been made otherwise.  These changes did provide much of the relief sought in this Litigation, including but not limited to, Plaintiffs' Second Amended Complaint, as follows:

(1)     MHA is not now authorized in its ACOP or its leases to assess or collect legal fees from tenants and MHA is not doing so;

(2)     Late fees are being assessed on late payment of rent and no other charges;

(3)     Tenant monthly payments are being allocated to security deposits first, rent second and all other charges only after rent has been fully paid;

(4)     Upon request, MHA will provide receipts to tenants for payments made in person at MHA offices;

(5)     The only delinquency that can now serve as a valid basis of summary eviction procedures is "rent," and collection of all other charges are subject only to the 30 day notice eviction procedure;

2

(6)     Before transmitting any 14-day notices for alleged rent deficiencies, MHA must review the account of the tenant and assure that such notice includes only a demand for unpaid rent accrued within the past 12 months and late fees properly assessed on unpaid rent;

(7)     All MHA 14 day notices must show amounts MHA contends are due as rent and must show a complete set of all tenant transactions over the time frame in which unpaid charges are set forth in the 14 day notice – not just monthly rent amounts allegedly due;

(8)     Tenants who request it will be provided a printout of the tenants' account ledger with MHA over the two year period preceding the 14 day notice, which must show how MHA has treated every financial transaction;

(9)     All 14-day and 30-day notices must now include the following two statements of MHA policy governing grievances and evictions:

(a) "if you (the tenant) transmit a grievance to MHA concerning the claimed non-payment of rent or other charges, within fourteen (14) days of this notice, MHA cannot commence a state court proceeding to evict you from your apartment until the grievance process is completed and a final decision is issued pursuant to MHA's grievance policy;"

(b) "you may request that MHA allow you to enter into a Repayment Agreement to pay what you owe over time, rather than face eviction, which MHA, at its sole discretion, may allow or disallow," according to its ACOP;"

(10)     MHA did away with the requirement to file a grievance within a 10 business day period, and replaced it with one permitting the grievance to be filed within 14 days of service of the notice of the MHA action that is the subject of the grievance;

(11)     MHA must now schedule and participate in an informal grievance meeting within fourteen (14) days, instead of ten (10) business days, of receipt of a request for a grievance by a tenant, unless MHA and the tenant agree to a postponement of such hearing generally for no more than 14 additional days;

(12)     MHA must offer at least two possible dates and times for the initial grievance meeting during normal business hours, and if the tenant responds by letter or phone before such dates offered that they conflict with work, medical treatment, educational classes, childcare responsibilities, or other important personal matters, MHA must make best efforts to communicate with the tenant and set up an alternative date for the meeting acceptable to the tenant, MHA and any counsel of the parties;

3

(13)    MHA must issue and transmit to the tenant a summary of the initial meeting discussion that specifies the nature of the proposed disposition of the complaint and the specific reasons for that disposition within fourteen days, instead of ten (10) business days, of the initial meeting and specify the procedures by which a Formal Hearing may be obtained if the complainant is not satisfied;

(14)    MHA must provide the tenant with a Formal Hearing within fourteen days of the tenants request therefor, instead of ten (10) business days;

(15)    A decrease in rent following interim reexaminations will be effective on the first day of the month following the month in which the change in income was reported.

WHEREAS, MHA denies that it was obligated to provide restitution of any fees or charges to MHA tenants, as claimed by Plaintiffs in their Second Amended Complaint;

WHEREAS, nonetheless, MHA made the following refunds and excused payment of the following charges, prior to the date when a tentative settlement was reached.

MHA contends that it made these refunds and excused these debts voluntarily and that it did not in any way result from this litigation.  Plaintiffs contend that these refunds were made as a direct result of this litigation and would not have been made otherwise.  In all, MHA effected credits and excused obligations  of charges for legal fees, late fees and maintenance fees for 562 current and former tenants. Plaintiffs' counsel has analyzed the refunds and excused payments effected by MHA and believes that MHA has made a good faith effort to make materially all the payments and to excuse all charges that members of the class would be entitled to as restitution pursuant to their Second Amended Complaint;

WHEREAS, Plaintiffs' Counsel believe that MHA's ACOP changes and refunds have been accompanied by a significantly more cooperative and fair-minded approach by MHA to disputes with its tenants and both Legal Aid of Marin and MHA believe that further class litigation between the class of MHA tenants and MHA would not be in the interests of the class or MHA;

WHEREAS, MHA confirms that it has provided to Plaintiffs' counsel the present names and addresses of all current MHA public housing tenants and that it has provided all addresses it has obtained through skip tracing or manual social security searches in its recent efforts to pay refunds or to communicate that MHA had excused charges as to former tenants who lived in MHA public housing from September 20, 2010 through April 1, 2014.

4

WHEREAS, arm's length settlement negotiations have taken place between counsel for Plaintiffs and MHA under the auspices of United States Magistrate Judge Maria-Elena James;

WHEREAS, named Plaintiffs and MHA wish to enter into a compromise and settlement to avoid the uncertainty and expense of litigation and to achieve a fair and reasonable resolution of the Litigation;

NOW THEREFORE, Plaintiffs, on behalf of themselves and those similarly situated, and MHA agree to settle the Litigation as follows:

1.      MHA agrees to abide by and not to change the altered procedures set out above from the present language now set forth in its ACOP for a period of two years from Final Approval of this Settlement unless: (a) it provides HUD with at least forty-five days notice in writing of such proposed changes so that HUD may have the opportunity to communicate with MHA regarding such changes; and (b) it provides Legal Aid of Marin with at least forty-five days notice in writing of such proposed changes so that Legal Aid of Marin may communicate to MHA its comments and/or objections to such changes.  Legal Aid of Marin must communicate to MHA its comments and/or objections to such changes within fifteen days of its receipt from MHA.

2.      MHA agrees that there are common questions of law and fact in the Litigation, and Plaintiffs claims are typical of class members and agrees to certification of the class herein ("the Settlement Class) made up of:

(a) all current tenants seeking to require MHA to abide by the terms of the United States Housing Act and the HUD regulations with regard to imposition, collection and application of rent, maintenance, late fees and other charges, notices to cure or quit (14-day and 30-day notices), and eviction, interim re-examination, and grievance procedures;

(b) all current and former tenants seeking restitution of wrongfully assessed late fees, legal fees, and maintenance fees, together with interest; and

(c) all current and former MHA tenants adversely impacted by MHA's conduct that Plaintiffs alleged in this Litigation to be unlawful, including but not limited to, the following allegations: (i) delays in processing tenant grievances or recertifications of income, (ii) current or former tenants who had unlawful eviction proceedings commenced against them, and (iii) current or former MHA tenant who had wrongful 14 day notices served on them.

3.      MHA agrees to pay Class Counsel, through its insurance carriers, an award of reasonable statutory attorneys' fees and costs in the total amount of $400,000, consisting of

$50,000 in attorneys' fees to Legal Aid of Marin and $350,000 to Sommers & Schwartz, made in fees and costs, within five (5) days of entry of the Order of Final Settlement Approval. No portion of such fees and costs, or any other form of remuneration, monetary or non-monetary, shall be paid or distributed to Plaintiffs or the Settlement Class, save and except the refunds and excused payments by MHA as set forth hereinabove Class counsel are free, however, to continue to provide pro bono services to either current or future MHA tenants.

4.      Plaintiffs agree, on behalf of themselves and the Settlement Class, in exchange for the consideration provided by MHA's altered procedures, refunds of legal fees, late fees and maintenance fees, and promises in paragraphs 1 – 3 herein, to release and forever discharge the Released Parties from any and all Released Claims.

a.      "Released Parties" means the Housing Authority of the County of Marin, together with its Board of Commissioners, officers, directors, employees, insurers, attorneys, agents, assigns, predecessors, and successors.

b.      "Released Claims" means any and all actual or potential claims, counterclaims, actions, causes of action, liabilities, damages (whether actual, nominal, punitive, exemplary, statutory or otherwise), costs, fees, attorneys' fees or penalties of any kind, whether known or unknown, suspected or unsuspected, discovered or undiscovered, which arise in whole or in part from all MHA practices, policies or procedures that were asserted to be wrongful and/or in violation of law raised in this Litigation, including but not limited to, in Plaintiffs' Second Amended Complaint. Plaintiffs, on behalf of themselves and the Settlement Class, expressly acknowledge the provisions of California Civil Code Section 1542, which states that –

**"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

Plaintiffs, on behalf of themselves and the Settlement Class, hereby knowingly and voluntarily waive and relinquish the provisions of Section 1542.

5.      Within five (5) days of the execution of this agreement by the Parties and their counsel, or upon a later date if agreed to by the parties, Plaintiffs will submit – and MHA will not oppose – a motion for Preliminary Approval of this settlement, setting the date for the Final Approval Hearing and approving the Class Notice (the "Motion for Preliminary Approval), Such motion shall include a proposed form of order that:

6

a.    Certifies for settlement purposes only, the following Settlement Class, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> (i) all current tenants seeking to require MHA to abide by the terms of the United States Housing Act and the HUD regulations with regard to imposition, application, and collection of rent, late fees, maintenance and other charges, notices to cure or quit (14-day and 30-day notices), and eviction, interim re-examination and grievance procedures;

> (ii) all current and former tenants seeking restitution of wrongfully assessed legal fees, late fees, maintenance charges, and other charges; and

> (iii)  all current and former MHA tenants adversely impacted by MHA's conduct that Plaintiffs alleged in this Litigation to be unlawful, including but not limited to, the following allegations: (i) delays in processing tenant grievances or recertifications of income, (ii) current or former MHA tenants who had unlawful eviction proceedings commenced against them, and (iii) current or former MHA tenants who had wrongful 14 day notices served on them.

b.    Appoints the named Plaintiffs herein as Class representatives and their counsel of record, Legal Aid of Marin and Sommers & Schwartz LLP, as Class Counsel for settlement purposes only;

c.    Preliminarily approves this settlement;

d.    Stays further proceedings in the Litigation and further litigation of the Released Claims by any member of the Settlement Class pending final settlement approval;

e.    Authorizes the sending of class notice at the expense of Plaintiffs' counsel in the form approved by the Court by first class U.S. mail, to the updated addresses within five (5) days following the preliminary settlement approval by this court.  The class notice shall advise Settlement Class Members of their rights to opt out of the class or object to the settlement under the procedures and in accordance with the deadlines set by the Court.  Plaintiffs and MHA agree that the individual mailing of class notice to tenants' last known address, pursuant to the procedures set out in this Agreement, is sufficient to satisfy the requirements of due process and the notice requirements of Federal Rules of Civil Procedure, Rule 23;

f.    Require Plaintiffs' Counsel to re-mail any Class Notices returned to Plaintiffs' Counsel with a forwarding address within three (3) days following receipt by Class Counsel of the returned mail and to provide MHA any updated address information as Plaintiffs' Counsel obtains such information.

g.      Permits Settlement Class Members to exclude themselves from the settlement by mailing to Legal Aid of Marin a request to opt out, postmarked no later than thirty (30) days after Plaintiffs' Counsel mails the class notice.  Such requests to opt out must be made in writing and contain (1) the Class Member's name, (2) his or her address and telephone number, (3) a dated signature along with (4) a written statement that the Class Member has reviewed the Class notice and wishes to be excluded from the Settlement.  A Class Member who does not complete and mail a valid Request to Opt Out in the manner and by the deadline specified above will automatically become a Participating Class member and be bound by all the terms and conditions of the Settlement, including its release of claims, if the Settlement is approved by the Court.

h.      Permits Class Members to object to the Settlement by filing an objection with the Court postmarked no later than thirty (30) days after Plaintiffs' Counsel mail the Class Notices, and serving a copy on the Parties.  The objection must be in writing and include (1) the Class Member's name, (2) his or her address and telephone number, (3) the grounds for the objection, (4) a statement of whether the Class Member intended to support the objection, and (5) a dated signature.  Only those Class members who submit a Request to Opt Out may object to the Settlement.  A Class Member who does not submit a written objection in the manner and by the deadline specified above will be deemed to have waived any objections and will be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement; and,

i.      Sets forth the date by which Class counsel shall file their motion for final approval of the settlement and requires Class Counsel to file a declaration in connection with that motion for final approval which attaches any timely and valid objections to the settlement that have been received and identifies those Class Members who have submitted valid and Timely Requests to Opt Out.

6.      The Board of MHA has approved this agreement.

7.      The parties have agreed to issue a joint press release following the contemplated Final Approval of the Settlement Agreement by Judge Seeborg, and any subsequent comment by the parties or their counsel shall be limited to the terms of the Settlement Agreement.  None of the parties or their counsel shall disparage any of the parties hereto, and Magistrate Judge Maria-Elena James shall retain jurisdiction for two years with regard to enforcement of this non-disparagement agreement.

8.      Should the Court decline to preliminarily approve all material aspects of the Settlement, the Settlement will be null and void and the Parties will have no further obligations under it.

9. The Parties agree to use their best efforts to carry out the terms of this Settlement. The Parties further agree that the decision to submit a Request to Opt Out should be left to the Individual Class Members. If contacted by a Class Member, Class Counsel will provide advice or assistance regarding any aspect of the Settlement to any Class members who request them to do so. If MHA or its counsel, agents or employees are contacted by Class members, they will refer the call or communication to Class Counsel. In addition, at no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members or any other persons to submit written objections to the Settlement or to encourage Class members to appeal from the Settlement and Order of Judgment, or to submit requests to opt out.

10. The Court shall retain jurisdiction with respect to the interpretation, implementation and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith for a two  year period after Final Approval of the Settlement, and the Parties and their counsel submit to the jurisdiction of the Court over that time frame for purposes of interpreting, implementing and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

11. Provided that the Order entered on Plaintiffs' Motion for Final Approval of Settlement is consistent with the terms and conditions of this Agreement, Plaintiffs and Participating Class Members who did not timely file an objection to the Settlement, as well as MHA and their respective counsel, hereby waive any and all rights to appeal from that Order, including all rights to any post-judgment proceedings and appellate proceeding, and the Order will become final and nonappealable at the time it is entered. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings.

12. MHA denies that it has engaged in any unlawful activity, has failed to comply with the law in any respect, or has any liability to anyone pursuant to the claims asserted in the Litigation. This Agreement is entered into solely for the purpose of compromising highly disputed claims. Nothing in this Agreement is intended or will be construed as an admission of liability or wrongdoing by MHA, or an admission by Plaintiffs that any of the claims was non-meritorious or any defense asserted by MHA was meritorious.

13. After this Agreement is signed and delivered by all Parties and their counsel, this Agreement and its exhibits will constitute the entire agreement between the Parties relating to the Settlement, and it will then be deemed that no oral representations, warranties, covenants, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, covenants, and inducements expressly stated in this Agreement and its exhibits.

9

14.     Class Counsel and MHA's Counsel warrant and represent that they are authorized by Plaintiffs and MHA, respectively, to enter into and to execute, this Settlement on behalf of that Party and take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties will seek the assistance of the Court.

15.     This Agreement, and any and all parts of it, may be amended, modified, changed, or waived only by an express written instrument signed by all Parties or their counsel.

16.     This Agreement will be binding upon, and inure to the benefit of, the successors of each of the Parties.

17.     All terms and conditions of this Agreement and its exhibits will be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law principles or choice of law principles.

18.     The Parties have cooperated in the drafting and preparation of this Agreement. This Agreement will not be construed against any Party on the basis that the Party was the drafter or participated in the drafting.

19.     The Parties and their respective counsel believe and warrant that this Agreement reflects a fair, reasonable, and adequate settlement of the Action and have arrived at this Agreement through arms-length negotiations, taking into account all relevant factors, current and potential.

20.     All notices, demands or other communications given under this Agreement will be in writing and deemed to have been duly given as of the third business day after mailing by United States mail, addressed as follows:

| _To Plaintiffs and the Class:_ | _To MHA:_ |
|---|---|
| Frank Sommers | Kevin K. Cholakian |
| Andrew Schwartz | CHOLAKIAN & ASSOCIATES |
| SOMMERS & SCHWARTZ LLP | 400 Oyster Point Blvd., Ste. 415 |
| One Embarcadero Center, Suite 800 | South San Francisco, CA 94080 |
| San Francisco, CA 94111 | Telephone:  (650) 871-9544 |
| Telephone: (415) 955-0925 | Facsimile:   (650) 871-9552 |
| Facsimile: (415) 955-0927 | |

10

Maura Prendiville
LEGAL AID OF MARIN
30 N. San Pedro Road, Suite 220
San Rafael, CA 94903
Telephone: (415) 492-0230
Facsimile: (415) 492-0947

Ilya Filmus
MARIN HOUSING AUTHORITY
4020 Civic Center Dr.
San Rafael, CA 94903
Telephone: (415) 491-2553
Facsimile: (415) 479-3305

21.    This Agreement may be executed in one or more counterparts by facsimile or
email which for purposes of this Agreement shall be accepted as an original.  All executed
counterparts and each of them will be deemed to be one and the same instrument provided that
counsel for the Parties will exchange between themselves original signed counterparts.  Any
executed counterpart will be admissible in evidence to prove the existence and contents of this
Agreement.

Named Plaintiffs

Dated:  6 - 16 -14

_Jacquelyn Hall_
Jaquelyn Hall

Dated:

_____
Ariana Martinez

Dated:

_____
Karla Fernandez

Dated:

_____
Chavon White

Dated:

_____
Esther Williams

Counsel for Plaintiffs

SOMMERS & SCHWARTZ, LLP

_____
By: Andrew Schwartz, Attorneys for
Plaintiffs Jacquelyn Hall, Ariana
Martinez, Karla Fernandez, Chavon
White, and Esther Williams

11

Maura Prendiville
LEGAL AID OF MARIN
30 N. San Pedro Road, Suite 220
San Rafael, CA 94903
Telephone: (415) 492-0230
Facsimile: (415) 492-0947

Ilya Filmus
MARIN HOUSING AUTHORITY
4020 Civic Center Dr.
San Rafael, CA 94903
Telephone: (415) 491-2553
Facsimile: (415) 479-3305

21.    This Agreement may be executed in one or more counterparts by facsimile or
email which for purposes of this Agreement shall be accepted as an original.  All executed
counterparts and each of them will be deemed to be one and the same instrument provided that
counsel for the Parties will exchange between themselves original signed counterparts.  Any
executed counterpart will be admissible in evidence to prove the existence and contents of this
Agreement.

Named Plaintiffs

Dated:

Dated:    6|6|14

Dated:

Dated:

Dated:

Counsel for Plaintiffs

6/16/14

Jaquelyn Hall

Ariana Martinez

Karla Fernandez

Chavon White

Esther Williams

SOMMERS & SCHWARTZ, LLP

By: Andrew Schwartz, Attorneys for
Plaintiffs Jaquelyn Hall, Ariana
Martinez, Karla Fernandez, Chavon
White, and Esther Williams

11

SOMMERS & SCHWARTZ LLP
One Embarcadero Center, Suite 800
San Francisco, CA 94111
Telephone: (415) 955-0925
Facsimile: (415) 955-0927

400 Oyster Point Blvd., Ste. 415
South San Francisco, CA 94080
Telephone: (650) 871-9544
Facsimile:    (650) 871-9552

Maura Prendiville
LEGAL AID OF MARIN
30 N. San Pedro Road, Suite 220
San Rafael, CA 94903
Telephone: (415) 492-0230
Facsimile: (415) 492-0947

Ilya Filmus
MARIN HOUSING AUTHORITY
4020 Civic Center Dr.
San Rafael, CA 94903
Telephone: (415) 491-2553
Facsimile: (415) 479-3305

     21.    This Agreement may be executed in one or more counterparts by facsimile or
email which for purposes of this Agreement shall be accepted as an original.  All executed
counterparts and each of them will be deemed to be one and the same instrument provided that
counsel for the Parties will exchange between themselves original signed counterparts.  Any
executed counterpart will be admissible in evidence to prove the existence and contents of this
Agreement.

Named Plaintiffs

Dated:

_____
Jaquelyn Hall

Dated:

_____
Ariana Martinez

Dated:

_____
Karla Fernandez

Dated:

_____
Chavon White

Dated:

_____
Esther Williams

Counsel for Plaintiffs

SOMMERS & SCHWARTZ, LLP

_____

By: Andrew Schwartz, Attorneys for
Plaintiffs Jacquelyn Hall, Ariana

11

Maura Prendiville
LEGAL AID OF MARIN
30 N. San Pedro Road, Suite 220
San Rafael, CA 94903
Telephone: (415) 492-0230
Facsimile: (415) 492-0947

Ilya Filmus
MARIN HOUSING AUTHORITY
4020 Civic Center Dr.
San Rafael, CA 94903
Telephone: (415) 491-2553
Facsimile: (415) 479-3305

    21.    This Agreement may be executed in one or more counterparts by facsimile or email which for purposes of this Agreement shall be accepted as an original. All executed counterparts and each of them will be deemed to be one and the same instrument provided that counsel for the Parties will exchange between themselves original signed counterparts. Any executed counterpart will be admissible in evidence to prove the existence and contents of this Agreement.

Named Plaintiffs

Dated: _____

_____
Jaquelyn Hall

Dated: _____

_____
Ariana Martinez

Dated: _____

_____
Karla Fernandez

Dated: _____

_____
Chavon White

Dated: _____

_____
Esther Williams

Counsel for Plaintiffs

SOMMERS & SCHWARTZ, LLP

_____
By: Andrew Schwartz, Attorneys for Plaintiffs Jaquelyn Hall, Ariana Martinez, Karla Fernandez, Chavon White, and Esther Williams

11

Maura Prendiville
LEGAL AID OF MARIN
30 N. San Pedro Road, Suite 220
San Rafael, CA 94903
Telephone: (415) 492-0230
Facsimile: (415) 492-0947

Ilya Filmus
MARIN HOUSING AUTHORITY
4020 Civic Center Dr.
San Rafael, CA 94903
Telephone: (415) 491-2553
Facsimile: (415) 479-3305

21.     This Agreement may be executed in one or more counterparts by facsimile or
email which for purposes of this Agreement shall be accepted as an original. All executed
counterparts and each of them will be deemed to be one and the same instrument provided that
counsel for the Parties will exchange between themselves original signed counterparts. Any
executed counterpart will be admissible in evidence to prove the existence and contents of this
Agreement.

Named Plaintiffs

Dated: _____                     _____
                                              Jaquelyn Hall

Dated: _____                     _____
                                              Ariana Martinez

Dated: _____                     _____
                                              Karla Fernandez

Dated: _____                     _____
                                              Chavon White

Dated: 6·10·14                               _____
                                              Esther Williams

Counsel for Plaintiffs

                                              SOMMERS & SCHWARTZ, LLP

                                              _____
                                              By: Andrew Schwartz, Attorneys for
                                              Plaintiffs Jacquelyn Hall, Ariana
                                              Martinez, Karla Fernandez, Chavon
                                              White, and Esther Williams

11

LEGAL AID OF MARIN

By: Maura Prendiville, Attorneys for
Plaintiffs Jacquelyn Hall, Ariana
Martinez, Karla Fernandez, Chavon
White, and Esther Williams

Defendant

HOUSING AUTHORITY OF THE
COUNTY OF MARIN

Dated:

By:
Title:

Counsel for Defendants:

CHOLAKIAN & ASSOCIATES
A Professional Corporation

Dated:

By:
Attorneys for Defendant Housing
Authority of the County of Marin

12

LEGAL AID OF MARIN

_____

By: Maura Prendiville, Attorneys for
Plaintiffs Jacquelyn Hall, Ariana
Martinez, Karla Fernandez, Chavon
White, and Esther Williams

<u>Defendant</u>

HOUSING AUTHORITY OF THE
COUNTY OF MARIN

Dated: 6/12/2014

By: Lewis A Jordan
Title: Executive Director

<u>Counsel for Defendants:</u>

CHOLAKIAN & ASSOCIATES
A Professional Corporation

Dated: 6/12/14

By: COLIN H JEWELL
Attorneys for Defendant Housing
Authority of the County of Marin

12